# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

# GREENVILLE DIVISION

|  |  |
|---|---|
| ALBA REYES GARCIA, ) | |
| GIOVANNI J. LUGO TIRADO, ) | |
| JOSE L. APONTE MATEO, ) | |
| IAN J. BURGOS MAIZ, ) | |
| ANTONY J. CAMPOS VERGNE, ) | |
| RAULY CANCEL RAMOS, ) | |
| JOSE A. CASANOVA FIGUEROA, ) | |
| IRIS N. CASTAÑER CARABALLO, ) | |
| ANIBAL CASTRELLO COLON, ) | |
| EFREN COIMBRE LUGO, ) | |
| JAVIER COLON ROSARIO, ) | |
| JOSUE M. CORA YEYE, ) | |
| RICARDO DAVILA BERRIOS, ) | |
| FERNANDO N. DE JESUS GONZALEZ,) | |
| CARLOS R. DIAZ ALVARADO, ) | Case No.: |
| JOHNNY FIGUEROA GUZMAN, ) | |
| MAYRA A. FLORES FRADERA, ) | |
| RUBEN A. GARAY POMALES, ) | |
| MARINA GARCIA NIEVES, ) | |
| EDGARD M. GARCIA VERA, ) | |
| MICHAEL JORDAN LUGO, ) | |
| ALEJANDRO LAPORTE RIVERA, ) | |
| JOSUE C. LOPEZ NEGRON, ) | |
| JUAN J. MALAVE ROBLES, ) | |
| SONNY MALDONADO HERNANDEZ, ) | |
| RYAN A. MARTINEZ DELGADO, ) | |
| JAIME MENDEZ ORTIZ, ) | |
| MARLENE MERCADO, ) | |
| KELVIN MONTES RIVERA, ) | |
| RUBEN ORTIZ CORDERO, ) | |
| LUIS R. ORTIZ TORRES, ) | |
| RICARDO JOSE ORTIZ TORRES, ) | |
| JONATHAN A. OSTOLOZA LABOY, ) | |
| CHARLIE OYOLA COLON, ) | |
| HECTOR O. PADILLA RIVERA, ) | |
| CRISTIAN PEREZ RIVERA, ) | |
| EDWARD QUIÑONES GUZMAN, ) | |
| JOSE A. RAMOS GONZALEZ, ) | |
| KEVIN Q. RAMOS NEGRON, ) | |
| ANTONIO RIOS SANTIAGO, ) | |

2

| | |
|---|---|
| **ANGEL J. RIVAS SOTOMAYOR,** | ) |
| **WILSON RIVERA,** | ) |
| **SABRIEL RIVERA PEREZ,** | ) |
| **NESTOR L. RIVERA RIVERA,** | ) |
| **GREGORIO RIVERA ROSADO,** | ) |
| **CARLOS G. RODRIGUEZ AGOSTO,** | ) |
| **JOSE A. RODRIGUEZ DAVID,** | ) |
| **ABNER RODRIGUEZ RIVERA,** | ) |
| **JOSE A. RODRIGUEZ RUIZ,** | ) |
| **CHRISTIAN RODRIGUEZ VIDAL,** | ) |
| **RAFAEL D. RODRIGUEZ VEGA,** | ) |
| **CHRISTOPHER J. ROJAS,** | ) |
| **HERIBERTO ROSADO FIGUEROA,** | ) |
| **JARET ROSARIO DANZOT,** | ) |
| **JOSE D. SAEZ RODRIGUEZ,** | ) |
| **JOSE A. SANTIAGO LUGO,** | ) |
| **JOSE F. SANTIAGO MIRANDA,** | ) |
| **PETER LOUIS SANTIAGO REYES,** | ) |
| **JONATHAN A. SANTIAGO RUIZ,** | ) |
| **CRISTHIAN A. SANTIAGO SANTIAGO** | ) |
| **STEVEN SANTIAGO SANTIAGO,** | ) |
| **CARMEN D. SERRANO ORTIZ,** | ) |
| **GLORIMAR VALLE ITURRALDE,** | ) |
| **ORLANDO L. VAZQUEZ PEREZ,** | ) |
| **RANDY VAZQUEZ RIVERA,** | ) |
| **JUAN C. VEGA RODRIGUEZ,** | ) |
| **JAFET VEGA RODRIGUEZ,** | ) |
| **ANGEL D. VELASQUEZ DELGADO,** | ) |
| **and MARANGELY ZAYAS FIGUEROA,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **COUNTRY FRESH CAROLINA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR DAMAGES, COSTS OF LITIGATION AND ATTORNEY'S FEES

2

## INTRODUCTION

1. This is an action by sixty nine (69) migrant workers who were recruited in Puerto Rico and elsewhere on behalf of Country Fresh Carolina, LLC to work at the company's processing establishment in Gray Court, South Carolina.

2. The Plaintiffs bring this action against Country Fresh Carolina, LLC to secure and vindicate rights afforded to them under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.*("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the South Carolina Wage Payment Act, S.C. Code §41-10-10, *et seq.*

3. The Plaintiffs seek to recover their wages, actual, liquidated, consequential and compensatory damages, and pre- and post-judgment interest. Plaintiffs also seek a reasonable attorney's fee pursuant to 29 U.S.C. § 216 (b) and S.C. Code § 41-10-80(C).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 1854(a), this action arising under the AWPA; by 29 U.S.C. § 216(b), this action arising under the FLSA; and by 28 U.S.C. § 1367, providing for supplemental jurisdiction.

5. This Court has supplemental jurisdiction over the claims arising under state and common law because these claims are so related to the federal claims that they form part of the same case and controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial proportion of the events giving rise to the claims in this action occurred here, and pursuant to 29 U.S.C. § 1854(a) because this Court has personal jurisdiction over Defendant.

## PARTIES

7. Defendant Country Fresh Carolina, LLC ("Country Fresh") is a Delaware limited liability corporation with its headquarters in Houston, Texas. Country Fresh is registered as a foreign corporation in the state of South Carolina.

8. Country Fresh is engaged in the production, packing, shipping and distribution of cut and packaged fresh fruits and vegetables and other produce for sale in interstate commerce. Country Fresh is an enterprise engaged in the production of goods for commerce with annual sales of over $500,000.

9. At all times relevant to this action, Defendant Country Fresh employed or jointly employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d) and (g).

10. At all times relevant to this action, Country Fresh was an agricultural employer within the meaning of the AWPA, 29 U.S.C. §1802(2) in that it owned or operated a processing establishment and employed the Plaintiffs and other migrant or seasonal agricultural workers.

11. Defendant Country Fresh employed the Plaintiffs at various times in 2017 to pack fresh fruits and vegetables at its Gray Court, South Carolina processing establishment for sale in interstate commerce. The Plaintiffs' work constituted agricultural employment within the meaning of the AWPA, 29 U.S.C. § 1802(3) because it involved the handling, packing, packaging or grading of agricultural commodities in their unmanufactured state.

12. The Plaintiffs are all American citizens. Plaintiffs Alba Reyes Garcia, Giovanni J. Lugo Tirado, Jose L. Aponte Mateo, Ian J. Burgos Maiz, Rauly Cancel Ramos, Jose A. Casanova Figueroa, Iris N. Castañer Caraballo, Anibal Castrello Colon, Efren Coimbre Lugo, Javier Colon Rosario, Josue M. Cora Yeye, Jaret Rosario Danzot, Ricardo Davila Berrios, Fernando N. De Jesus Gonzalez, Carlos R. Diaz Alvarado, Johnny Figueroa Guzman, Mayra A. Flores Fradera,

Ruben A. Garay Pomales, Marina Garcia Nieves, Edgard M. Garcia Vera, Alejandro Laporte Rivera, Josue Lopez Negron, Juan J. Malave Robles, Sonny Maldonado Hernandez, Marlene Mercado, Jaime Mendez Ortiz, Kelvin Montes Rivera, Ruben Ortiz Cordero, Luis R. Ortiz Torres, Ricardo Jose Ortiz Torres, Jonathan A. Ostoloza Laboy, Hector O. Padilla Rivera, Edward Quiñones Guzman, Jose A. Ramos Gonzalez, Kevin Q. Ramos Negron, Antonio Rios Santiago, Wilson Rivera, Sabriel Rivera Perez, Nestor L. Rivera Rivera, Gregorio Rivera Rosado, Carlos G. Rodriguez Agosto, Jose A. Rodriguez David, Abner Rodriguez Rivera, Christian Rodriguez Vidal, Christopher J. Rojas, Heriberto Rosado Figueroa, Jose D. Saez Rodriguez, Jose F. Santiago Miranda, Peter Louis Santiago Reyes, Jonathan A. Santiago Ruiz, Cristhian A. Santiago Santiago, Steven Santiago Santiago, Glorimar Valle Iturralde, Orlando L. Vazquez Perez, Randy Vazquez Rivera, Juan C. Vega Rodriguez, Jafet Vega Rodriguez, Angel D. Velasquez Delgado, Antony Campos Vergne, Christian Perez Rivera, and Marangely Zayas Figueroa maintain their respective permanent places of residence in Puerto Rico.

13. Plaintiffs Michael Jordan Lugo, Ryan A. Martinez Delgado, Jose A. Rodriguez Ruiz, Jose A. Santiago Lugo and Carmen D. Serrano Ortiz maintain their permanent residences in Missouri.

14. Plaintiffs Charlie Oyola Colon and Angel J. Rivas Sotomayor maintain their permanent residences in Arkansas.

15. Plaintiff Rafael D. Rodriguez Vega maintains his permanent place of residence in Kentucky.

16. Each of the Plaintiffs was recruited by Joint Alliance Staffing Service, Inc. in partial fulfillment of its March 17, 2017 staffing agreement with Country Fresh to recruit, hire and furnish workers for employment at Country Fresh's Gray Court processing establishment.

17. At all times relevant to this action, the Plaintiffs in the production of goods for commerce. Each of them was employed in an enterprise engaged in the production of goods for commerce. A substantial portion of the produce that the Plaintiffs handled, packed, packaged, graded, cut or sorted was marketed and sold outside of South Carolina.

18. At all times relevant to this action, the Plaintiffs were employed or jointly employed by Country Fresh in the handling, packing, packaging, grading, cutting or sorting fruits and vegetables on a temporary or seasonal basis and were required to be absent overnight from their respective permanent residences in Puerto Rico, Florida, Missouri, Arkansas or Kentucky. At all times relevant to this action, each of the Plaintiffs was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A).

## STATEMENT OF FACTS

19. In or about March, 2017, Defendant Country Fresh engaged the services of Joint Alliance Staffing Services, Inc. ("Joint Alliance:") to recruit, hire and furnish temporary workers for employment handling, packing, packaging, grading, cutting or sorting fruits and vegetables at Country Fresh's processing establishment in Gray Court, South Carolina.

20. Defendant Country Fresh compensated Joint Alliance for its services recruiting, hiring, and furnishing migrant workers for Country Fresh's Gray Court packinghouse.

21. At all times relevant to this action, Joint Alliance was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. §1802(7) in that it recruited, solicited, hired, employed, or transported migrant agricultural workers for a fee. At no time did Joint Alliance apply for or obtain a certificate of registration from the United States Secretary of Labor authorizing it to engage in farm labor contracting activities, including the recruiting, soliciting, hiring, transporting or furnishing of migrant agricultural workers.

22. At no time did Country Fresh undertake any steps to determine whether Joint Alliance Staffing Services, Inc. possessed a valid certificate of registration as a farm labor contractor. Among other things, Country Fresh never requested, as provided for by the AWPA, 29 U.S.C. §1811(c) and 29 C.F.R. §500.42, that Joint Alliance to exhibit a valid certificate as a farm labor contractor.

23. Between approximately March and May 2017, Joint Alliance recruited the Plaintiffs from their respective home states for work in Country Fresh's Gray Court, South Carolina processing establishment.

24. Joint Alliance informed the Plaintiffs that the Country Fresh job was of at least six months in duration and the workweek would be approximately 72 hours in length, consisting of six days of 12 hours per day. For this work, Joint Alliance told the Plaintiffs that they would be paid $8.50 per regular hour and $12.75 per overtime hour, *i.e.*, hours worked in excess of 40 during a workweek.

25. Based on Joint Alliance's promises as described in Paragraph 24, the Plaintiffs agreed to accept the offers of employment conveyed by Joint Alliance.

26. The job terms conveyed by Joint Alliance, as described in Paragraph 24, created a working arrangement within the meaning of the AWPA, 29 U.S.C. §1822(c). Country Fresh later ratified this working arrangement by employing Plaintiffs under the terms conveyed to them by Joint Alliance.

27. The Plaintiffs traveled from their respective permanent places of residence to Gray Hall, South Carolina, where they were employed in Country Fresh's processing establishment. Joint Alliance advanced the airfare to the U.S. mainland for the Puerto Rico-based Plaintiffs. The remaining Plaintiffs traveled to Gray Hall at their own expense.

28. The travel costs advanced to the Puerto Rico-based Plaintiffs as described in Paragraph 27 were deducted from these Plaintiffs' wages during their first couple of weeks of employment at Country Fresh's processing establishment.

29. The Plaintiffs who paid their own expenses in traveling from their respective homes to Gray Hall, South Carolina, as described in Paragraph 27, were never reimbursed for these expenses.

30. Once they arrived in the Gray Hall area, the Plaintiffs were housed in hotels in the Greenville and Simpsonville area. Joint Alliance arranged for these accommodations. The Plaintiffs occupied these facilities throughout the time they were employed at Country Fresh's processing establishment.

31. Rent in the amount of $120 to $150 per week, was deducted from each Plaintiff's wages for the hotel accommodations described in Paragraph 30.

32. The sums deducted from the Plaintiffs' wages as described in Paragraph 31 exceeded the actual cost of these facilities at the time they were provided and included a substantial profit for Joint Alliance.

33. On a daily basis, the Plaintiffs were transported between the hotels described in Paragraph 30 and Country Fresh's Gray Court processing establishment in vehicles provided and operated by Joint Alliance. During the period of the Plaintiffs' employment at Country Fresh's processing establishment, Joint Alliance was not authorized by the United States Department of Labor to transport agricultural workers in any vehicles. At no time had Joint Alliance requested or obtained authorization from the United States Secretary of Labor to transport agricultural workers.

34. The Plaintiffs were charged from $25 to $50 per week for the transportation described in Paragraph 33. These charges exceeded the actual cost of furnishing this transportation. These charges were deducted from the weekly wages. Among other things, these deductions, along with the housing deductions, brought Plaintiffs weekly earnings below the federal minimum wage.

35. The Plaintiffs were employed at Country Fresh's processing establishment handling, packing, packaging, grading, cutting, sorting, washing and cleaning fruits and vegetables in their unmanufactured state. This work constituted agricultural employment within the meaning of the AWPA, 29 U.S.C. §1802(3).

36. Country Fresh maintained and exercised substantial control and supervision over the work and job terms of the Plaintiffs during the time they worked at Country Fresh's processing establishment. Because Country Fresh owned and operated the processing establishment and the timekeeping equipment, it controlled the structure and quality of work performed and was able to manage hours worked and to supervise breaks. For example, Country Fresh's supervisors. who were hired directly by Country Fresh, walked the processing establishment on a regular basis to supervise the manner of work performed by Plaintiffs and had the power and authority to instruct them about what to do with defective fruits and vegetables, which typically were not packaged for sale.

37. Country Fresh determined the work to be performed by Plaintiffs on a daily basis, based on the volume of orders to be fulfilled at the request of its buyers. For example, Country Fresh determined when and how many workers would be assigned to each work area on any given day and directed Joint Alliance or its own employees to assign workers accordingly.

38. Country Fresh established the work hours (including overtime hours), break times, and days worked by the Plaintiffs at the processing establishment. For example, Country Fresh set two work shifts, one during the evening and another one during the day, and determined how many workers were needed at any particular time and where those workers were needed. Plaintiffs were employed during the day shift and Country Fresh supervisors determined who among the Plaintiffs could work extra hours beyond their regular day shifts.

39. Despite the promises of extended employment opportunities made to them at the time of their recruitment, the Plaintiffs were terminated from their positions at various times in June, 2017.

40. The first terminations occurred in early June after Plaintiffs Alba Reyes Garcia and Giovanni J. Lugo Tirado complained about working conditions at the Country Fresh processing plant, the wage deductions for rent, the wages being paid, and the failure of Country Fresh and Joint Alliance to provide detailed wage statements as required by the AWPA. These complaints were made to Country Fresh through representatives of Joint Alliance.

41. Once he learned of the worker complaints described in Paragraph 40, Lane Layman, a plant manager at the Country Fresh processing establishment, directed Joint Alliance to remove the Plaintiffs from inside Country Fresh's property. Layman's actions were in retaliation for these workers' assertion of their rights under the AWPA, the FLSA and the South Carolina Payment of Wages Act.

42. Not long after the complaints by Plaintiffs Reyes Garcia and Lugo Tirado as described in Paragraph 40,   Plaintiffs Antonio Rios Santiago, Juan J. Malave Robles, Juan E. Fonseca, Hector O. Padilla Rivera, Josue Lopez, Carlos Rodriguez, Edgar Garcia and Ian Burgos made

complaints to Joint Alliance similar to those described in Paragraph 40, only to be terminated shortly thereafter.

43. After the terminations of the Plaintiffs as described in Paragraphs 40 through 42, Country Fresh terminated the employment of the remaining Plaintiffs. These terminations were in retaliation for these workers' assertion of their rights under the AWPA, the FLSA and the South Carolina Payment of Wages Act.

44. Once their employment was terminated, the Plaintiffs were forced to vacate the hotels described in Paragraphs 30 and 31, even though the weekly rental payment for these hotels had already been withheld from the Plaintiffs' earnings.

45. When they were dismissed as described in Paragraphs 40 through 42, the Plaintiffs did not receive their final wages for their work at the Country Fresh processing establishment.

46. The Plaintiffs suffered financially and emotionally as a result of being left without pay for work performed, jobless, homeless, and without transportation in the Gray Court, South Carolina area.

47. In violation of the AWPA, 29 U.S.C. §1822(a), Country Fresh failed to pay the Plaintiffs their wages when due for their work at its processing establishment. Among other things, Country Fresh failed to compensate the Plaintiffs for their final two weeks of work prior to their dismissal.  In addition, Country Fresh failed to pay the Plaintiffs minimum and overtime wages as required by the FLSA because of unlawful deductions from the Plaintiffs' wages for housing facilities the charges for which exceeded their reasonable cost, for transportation facilities provided in violation of the AWPA and for which the charges exceeded their reasonable cost, and for employee Social Security contributions not paid to the federal government.   The Plaintiffs' estimate of unpaid hours and wages are further described in Paragraphs 54 through 57.

These estimates are based on incomplete information and will be further refined once the Plaintiffs obtain copies of the payroll data related to their work at Country Fresh's Gray Court facility.

48. Country Fresh failed to make, keep and preserve payroll records as required by the AWPA, 29 U.S.C. §1821(d)(1), 29 C.F.R. §500.80(a) and S.C. Code §41-10-30 with respect to Plaintiffs' labor. Among other things, the payroll records maintained did not include deductions made for housing and transportation. In addition, Country Fresh failed to provide the Plaintiffs on each payday with wage statements as required by the AWPA, 29 U.S.C. § 1821(d)(2), 29 C.F.R. §500.80(d), and S.C. Code §41-10-30 detailing the hours worked, wages earned and withholdings from wages. Among other things, these wage statements designated certain deductions as being for employee Social Security contributions pursuant to the Federal Insurance Contributions Act (FICA), when these sums were never deposited with the federal government.

49. As a result of the violation of the AWPA and its implementing regulations, the Plaintiffs have suffered damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### (Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"))

50. This count sets forth a claim for damages by the Plaintiffs for Country Fresh's violations of the FLSA.

51. At all times relevant to this action, Defendant Country Fresh was an "employer" of the Plaintiffs as defined by 29 U.S.C. §203(d), as further described in Paragraphs 36 through 38.

52. At all times relevant to this action, Defendant Country Fresh "employed" the Plaintiffs as defined by 29 U.S.C. § 203(g), as further described in Paragraphs 36 through 38.

53. At all times relevant to this action, the Plaintiffs were "employees" of Country Fresh and its agent, Joint Alliance, as defined by 29 U.S.C. §203(e)(1).

54. In violation of 29 U.S.C. §206(a), Country Fresh failed to pay the Plaintiffs wages of at least $7.25 per hour for each workweek they were employed at the company's Gray Court facility. These violations of the FLSA's minimum wage provisions resulted in part from Country Fresh's failure to pay the Plaintiffs any wages whatsoever for their final two weeks of work, in which the Plaintiffs each worked an average of 72 hours per week, resulting in estimated unpaid FLSA minimum wages of $522.00 per Plaintiff.

55. Defendant Country Fresh further violated the FLSA by failing to pay the FLSA minimum wage as the result of deductions for the rent at the hotels described in Paragraphs 30, when the rental charges included a profit for Joint Alliance, a person affiliated with Country Fresh within the meaning of 29 C.F.R. §531.3(b).

56. . In addition, Plaintiffs' wages were reduced below the FLSA minimum wage as a result of additional weekly deductions for transportation as described in Paragraphs 33 and 34. In addition, deductions were made from the Plaintiffs' wages for employee Social Security (FICA) contributions which were never deposited with the federal government.

57. In violation of 29 U.S.C. § 207(a), Country Fresh employed the Plaintiffs for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed. For their final two weeks of work, which included overtime hours, the Plaintiffs were paid no wages whatsoever, including the additional wages due them at 1.5 times their regular rate for hours worked in excess of 40 during the workweek. The Plaintiffs worked approximately 72 hours per week during each of these final

workweeks, 32 hours per week of which were overtime hours for which the Plaintiffs were due compensation at 1.5 times their regular hourly rate of $8.25.

58. In violation of 29 U.S.C. § 218(c), Country Fresh retaliated against the Plaintiffs by terminating them from their jobs for voicing complaints regarding violations of the FLSA.

59. Pursuant to 29 U.S.C. §216(b), each of the Plaintiffs is entitled to recover from Country Fresh their unpaid minimum and overtime wages and an additional amount in liquidated damages, along with a reasonable attorney's fee.

60. In addition, the Plaintiffs are entitled to compensatory damages, including payments for lost employment opportunities, resulting from the unlawful retaliatory acts of Country Fresh as described in Paragraphs 40 to 43.

## SECOND CAUSE OF ACTION

### (Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1801, *et seq.* ("AWPA"))

61. This count sets forth a claim for damages by the Plaintiffs for Country Fresh's violations of the AWPA.

62. At all times relevant to this action, each of the Plaintiffs was a migrant agricultural worker within the meaning of 29 U.S.C. § 1802(8)(A), as set out in Paragraph 18.

63. At all times relevant to this action, Country Fresh was an agricultural employer within the meaning of 29 U.S.C. § 1802(2), as set forth in Paragraph 10.

64. Country Fresh employed the Plaintiffs within the meaning of 29 U.S.C. § 1802(5) during the course of these workers' employment at its processing establishment in Gray Court, South Carolina.

65. At all times relevant to this action, the Plaintiffs were engaged in agricultural employment as defined by 29 U.S.C. § 1802(3), as set forth in Paragraph 35.

66. During the Plaintiffs' employment in at its processing establishment in Gray Court, South Carolina, Defendant Country Fresh violated their rights under the AWPA by, *inter alia*:

   a) Utilizing the services of Joint Alliance to perform farm labor contracting activities without first taking reasonable steps to determine whether Joint Alliance possessed a valid certificate of registration as a farm labor contractor authorizing it to perform recruiting, hiring, employing, housing and transporting activities, in violation of 29 U.S.C. §1842;

   b) Failing to pay wages when due, in violation of 29 U.S.C. §1822(a);

   c) Failing to keep and preserve complete and accurate payroll records for each Plaintiff, in violation of 29 U.S.C. §1821(d)(1) and 29 C.F.R. § 500.80(a);

   d) Failing to provide the Plaintiffs each payday with an itemized written statement containing the worker's total pay period earnings and itemizing all sums withheld from wages and the purposes for each withholding, in violation of 29 U.S.C. §1821(d)(2) and 29 C.F.R. §500.80(d);

   f) Violating without justification the terms of its working arrangement with the Plaintiffs, including its promise to provide at least six months of employment; and

   g) Violating the AWPA's anti-retaliatory provisions, 29 U.S.C. §1855(a), by terminating the Plaintiffs from their jobs for voicing complaints regarding AWPA violations.

67. Pursuant to 29 U.S.C. § 1854(c), the Plaintiffs are entitled to receive the greater of up to $500.00 per violation in statutory damages, or their actual damages, for each violation of the AWPA and its attendant regulations.

**THIRD CAUSE OF ACTION**

**(South Carolina Payment of Wages Act, S.C. Code § 41-10-10, *et seq.*)**

68. This count sets forth a claim for damages by the Plaintiffs for Country Fresh's violations of the South Carolina Payment of Wages Act.

69. Country Fresh failed to compensate the Plaintiffs for their final periods of work, in violation of S.C. Code § 41-10-50.

70. Country Fresh's failure to pay the Plaintiffs their wages when due resulted in damages.

71. Pursuant to S.C. Code § 41-10-80(C), the Plaintiffs are entitled to and seek treble damages for unpaid wages.

72. Pursuant to S.C. Code § 41-10-80(C), the Plaintiffs seek a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

a. Granting judgment in favor of the Plaintiffs on their FLSA claims as set forth in Count One, and awarding each of them the amount of his or her unpaid minimum and overtime wages and an equal amount as liquidated damages;

b. Granting judgment in favor of the Plaintiffs on their AWPA claims as set forth in Count Two, and awarding each of them his actual damages or, alternatively, statutory damages of $500.00 per person, whichever is greater, for each violation of the Act and its attendant regulations;

c. Granting judgment in favor of the Plaintiffs on their claims for violations of the South Carolina Wage Payment Act , as set forth in Count Three and granting each Plaintiff treble damages for each violation of S.C. Code §41-10-40, pursuant to S.C. Code §41-10-80 (C);

d.  Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. §216 (b), and S.C. Code §41-10-80 (C).

e.  Awarding the Plaintiffs the costs of this action; and

f.  Granting such further relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Stephanie M. van der Horst*
Stephanie M. van der Horst
Attorney for Plaintiffs
USDC-SC 13202
SOUTH CAROLINA LEGAL SERVICES
2803 Carner Avenue
North Charleston, SC 29405
Tel:   (843) 266-2163
Fax:   (843) 760-1090
stephanievanderhorst@sclegal.org

*/s/ Matthew M. Billingsley*
Matthew M. Billingsley
Federal Bar No. 11235
SOUTH CAROLINA LEGAL SERVICES
2803 Carner Ave.
N. Charleston, SC  29405
Tel. (843) 266-2174
Fax. (843) 760-1090
matthewbillingsley@sclegal.org